UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACQUELINE M. BREWINGTON,<br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF TRANSITIONAL<br>ASSISTANCE, ET AL.,<br>        Defendants. | C.A. No. 05-11767-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.

For the reasons stated below: (1) Plaintiff's Application to Proceed Without Prepayment of Fees (#2) is Allowed;  (2) this action shall be dismissed after thirty-five (35) days of the date of this Memorandum and Order unless Plaintiff, prior to that time, demonstrates good cause in writing why this action should not be dismissed; and (3) Plaintiff shall redact the attachments to the Complaint in accordance with Local Rule 5.3.

FACTS

On August 25, 2005, Plaintiff Jacqueline M. Brewington, a resident of Lynn, Massachusetts, filed a self-prepared Complaint and an Application to Proceed Without Prepayment of Fees.[1]  The Complaint is not entirely coherent, but appears to assert allegations

---

[1] Plaintiff Brewington is no stranger to this Court, having filed seven other lawsuits in this Court.  In 2004, Plaintiff filed two civil actions contending that various defendants had stolen her home and her property, and were using her garage.  See Brewington v. Coleman, C.A. 04-10598-MEL, and Brewington v. Kris Grotelueschen, et al., C.A. 04-10609-MEL.  These actions were dismissed by Senior Judge Lasker for lack of subject matter jurisdiction.  Recently, Plaintiff filed four civil actions, two of which duplicated the claims in the cases before Senior Judge Lasker.  See Brewington v. Nancy Coleman C.A. 05-10919-MEL; and Brewington v. Kris Francois, et al., C.A. 05-10920-MEL.  These actions were dismissed *sua sponte*, and Plaintiff

that various employees of the Department of Transitional Assistance ("DTA") stole all her benefits, including benefits she was to receive pursuant to a TAFDC grant, and food stamps.[2] Plaintiff lists the DTA in the case caption and in the body of the Complaint and in her Application to proceed *in forma pauperis*, but does not name the DTA specifically as a Defendant in this action. She names Perene Rice, Adreian Anderson, Betty Barrow, and Marva

---

was warned that she is subject to sanctions, including an order enjoining her from filing future civil actions. Plaintiff's two other actions were also dismissed. See Brewington v. Dane Shulman, et al., C.A. 05-10934-WGY (alleging, *inter alia*, assault by several lawyers handling her personal injury case; dismissed for lack of jurisdiction); and Brewington v. Green, et al., C.A. 05-10935-REK (suit against 100+ defendants including lawyers, various judges and clerk-magistrates, Clerk personnel, policemen, detectives, probation officers, social workers, the Department of Social Services, the Attorney General, State Representatives Maliabu, and Senator Wilkerson, the "Mayor Hot Line," various workers at Housing Authorities and apartment managers, and the Massachusetts Trial Court and Housing Court, dismissed on various grounds, including lack of jurisdiction). Plaintiff was granted leave to proceed *in forma pauperis* in each of these cases.

Most recently, after being warned that she is subject to sanctions for filing civil actions in this Court which have failed to state a claim or which do not invoke the subject matter jurisdiction of this Court, Plaintiff filed a civil action under the name "Jacqueline McLean." See McLean v. Mekonnen, C.A. 05-11345-WGY (suit against landlord for eviction). Plaintiff failed to disclose her true identity as "Jacqueline Brewington," although her Application to proceed *in forma pauperis* indicated her dependants as identical to those listed in prior applications filed with this Court. Plaintiff has been directed by Chief Judge Young to show cause why that action should not be dismissed, and to show cause why she should not be enjoined from filing further actions with this Court. See Memorandum and Order (#3, dated July 18, 2005) in C.A. 05-11345-WGY.

[2]In Massachusetts, the Department of Health and Human Services/DTA administers, *inter alia*, the Transitional Aid to Families with Dependent Children (TAFDC) program, which provides cash benefits to certain qualifying low-income families with children, as well as to pregnant women. Benefits are time-limited. See generally, Mass. Regs. Code. tit.106, §§ 203-208. The DTA also administers the Food Stamps Program. See generally, Mass. Regs. Code. tit.106, §§ 360-367.

Howard as Defendants.  Compl. ¶¶ 2-5.  Plaintiff asserts diversity jurisdiction as the basis for the jurisdiction of this Court.  Id. at ¶ 6.

More specifically, Plaintiff alleges that she was receiving a TAFDC grant from the DTA for years, but that "the defendants all together stole all my benefits and now the department is trying to act like I, Jacqueline, have to appeal for benefits that the defendants have stolen from me."  Id. at ¶ 7.  She claims that she should have been getting checks and food stamps since August 30, 2000, but that since September 15, 2000, the defendants have been receiving all her benefits.  Id. at ¶ 8.  She further claims that she:

> have [sic] been to hearing because the defendant Perene Rice have been going to BINGO every other night playing bingo with my benefits since she and the others stole my benefits from me.  The defendants put their names under my names and all my benefits have been going to them every [sic] since 9/15/2000.  The defendants never put me and my kids in any shelters or hotels once I, won my case with the Department of Transitional Assistance on Feb-20-2000....The defendants have been spending my (2) two checks a month and my food stamps [.]  I, Jacqueline have not received a check of my [sic] nor any of my food stamps from 9/15/2000, and the office and the defendants are trying to cover up the fact that they have been stealing my checks and food stamps up to now.

Id. at ¶ 9.  She further alleges:

> Now the Department of Transitional Assistance is telling me to appeal a case that they the department have [sic] took my checks and food stamps and the department do [sic] not have any business with.  Here is all the proof that the defendants did steal my checks and food stamps and I need my benefit.  The defendants Perene Rice was trying to send me and my [children] out to some motor lodge in West Boylston, Ma 01583 with out [sic] any money and the defendants knew that my kids went to school in Roxburt [sic] and I, Jacqueline did not know how to get to the Sona Motor Lodge anyway.  But the defendants was [sic] only trying to take my benefits as they the defendants did and this is why I have been fighting for my benefits.

Id. at ¶ 10-11.

Attached to her Complaint are various exhibits which show that in 1997 Plaintiff was approved for TAFDC benefits.  The documents also show that at various times in 1999 eviction actions were taken against the Plaintiff, and in January 2000 she was evicted from her apartment in Roxbury, MA, and sought emergency shelter benefits through the Emergency Assistance program.  On January 14, 2000, Plaintiff was denied such benefits because she was evicted from public/subsidized housing for non-payment of rent.  Plaintiff appealed this decision.  In February 2000, the denial of emergency shelter benefits was rescinded, and Plaintiff became eligible for shelter benefits.   In March 2000, it appears shelter benefits were terminated for failure to accept shelter placement at the Sona Motor Lodge.  A letter dated August 22, 2000 from the Greater Boston Legal Services to the Plaintiff indicates that Plaintiff sought a fair hearing against the DTA and was successful.  She was advised to report to the Boston Family Housing Unit at DTA for placement.

On July 6, 2005,  Plaintiff filed a Complaint with the DTA which duplicates the claims raised in this action.  On July 15, 2005, the DTA acknowledged its receipt of Plaintiff's request for a fair hearing pursuant, *inter alia*, to Mass. Gen. Laws ch. 30A and Mass. Regs. Code. tit.106, §§ 343, 367 and 309.070.   The request was dismissed by the DTA as untimely.  Plaintiff was advised in writing that she had the right to appeal the decision to a court,  in accordance with Mass. Gen. Laws ch. 30A, and to do so, she must file a complaint with the Superior Court for the county where she resides, or Suffolk County, within thirty (30) days of her receipt of the decision.   It is unclear whether this action is the direct result of that July 15, 2005-letter, but it appears this is indeed the course of action by the Plaintiff.

Here, Plaintiff seeks monetary damages in the amount of $7,943.29 from September 2000 to date, as well as the full amount of food stamps allegedly stolen, and that her TAFDC grant be returned to her.

Accompanying her Complaint was an Application to Proceed Without Prepayment of Fees (#2).

## ANALYSIS

I.    The Application to Proceed Without Prepayment of Fees (#2)

Plaintiff's Application to Proceed Without Prepayment of Fees indicates that she receives $609.00 per month in disability benefits, and has no other assets or income, and that she supports three children. Based on this financial information, and the fact that Plaintiff has recently been granted *in forma pauperis* status in connection with other recently filed cases in this Court, the Plaintiff's Application to Proceed Without Prepayment of Fees (#2) is hereby Allowed.

II.   The Court May Screen The Complaint

Because Plaintiff has sought to file this Complaint without the prepayment of the filing fee, summonses have not issued in order to allow the Court to review the Complaint to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. See 28 U.S.C. § 1915.

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915 (e) (2).

When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002), and the action may be dismissed *sua sponte* and without notice under Section 1915. Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). ("clearly baseless" actions may be dismissed).

Similarly, claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. See Neitzke, 490 U.S. at 327-328 (interpreting the former § 1915(d)); accord Denton, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); See also Mack v. Massachusetts, 204 F. Supp. 2d at 166; Tapia-Ortiz v. Winter, 185 F.3d. 8, 11 (2nd Cir. 1999) (affirming dismissal of plaintiff's request for convening a grand jury to investigate alleged conspiracy of 20 judges and assistant U.S. Attorney); Street v. Fair, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory" (such as where defendants are clearly immune)).

A district court may also dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); cf., Bell v. Hood, 327 U.S. 678, 682-83 (946)(observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or...is wholly insubstantial and frivolous.").

In this case, the Court recognizes that Plaintiff's *pro se* pleadings must be construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, this action is subject to dismissal for the reasons stated below.

### III. Plaintiff's Complaint Fails to Comply with Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in a Complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

In the instant action, even under a generous reading, Plaintiff fails to meet the minimum pleading standards to invoke the subject matter jurisdiction of this Court, or to state a cognizable claim. Moreover, Plaintiff's claims also lack an arguable basis in fact, and appear to assert unreal scenarios.

With respect to the individual DTA employee Defendants, Plaintiff merely asserts a general allegation that four DTA employees stole her TAFDC checks and her food stamps since September 2000. She fails to detail any specific dates, facts, or circumstances to support such allegations. The only factual allegation she makes in support of her contentions is that the Defendant Perene Rice has been going to BINGO every other night playing the game with her benefits. Compl. ¶ 9. She makes no specific claims as to any of the other named defendants, and merely baldly asserts that they all stole her benefits. The attachments to her Complaint, which reference the 1999-2000 eviction proceedings and her requests for emergency shelter benefits, fail to shed any light on her claims of theft by the DTA employees.

The Court is also cognizant of Plaintiff's repeated frivolous pattern of claiming other people have stolen property from her, including her home and all her belongings. See Brewington v. Coleman, C.A. 04-10598-MEL; Brewington v. Kris Grotelueschen, et al., C.A. 04-10609-MEL; Brewington v. Nancy Coleman C.A. 05-10919-MEL; Brewington v. Kris Francois, et al., C.A. 05-10920-MEL; and Brewington v. Green, et al., C.A. 05-10935-REK (suit against 100+ defendants including lawyers, various judges and clerk-magistrates, Clerk personnel, policemen, detectives, probation officers, social workers, the Department of Social Services, the Attorney General, State Representatives Maliabu, and Senator Wilkerson, the "Mayor Hot Line," various workers at Housing Authorities and apartment managers, and the Massachusetts Trial Court and Housing Court). See footnote 1 herein for further details on prior litigation.

In sum, Plaintiff has failed to plead sufficiently, a factual basis set forth to state a claim of theft by the named individual Defendants. The bald assertions are simply not enough for the

Defendants to be able to file a meaningful response to the Complaint, nor has Plaintiff demonstrated an arguable or rational basis in fact for such claims. Thus, Plaintiff's Complaint against the individual defendants Perene Rice, Adreian Anderson, Betty Barrow, and Marva Howard are subject to dismissal. See Mack, 204 F. Supp. 2d at 166.[3]

With respect to the DTA, Plaintiff has not pled any facts or any cognizable claim against this entity. Plaintiff merely asserts that the DTA "is telling her to appeal" her claim that the "department" has taken her checks. Compl. at ¶ 10. Again, Plaintiff has failed to set forth sufficient factual background to state a claim under Rule 8(a), which would permit the DTA to file a meaningful response.

For these reasons, Plaintiff's Complaint is subject to dismissal.

---

[3]The Court notes, without deciding, that even if Plaintiff's Complaint was not subject to dismissal for the reasons stated herein, at least a portion of Plaintiff's claims may be barred by the appropriate statute of limitations. It appears that any state-tort theft claims she has against the Defendants may be barred, in part, by a three (3) year statute of limitations, since she claims the thefts occurred in September 2000, and this action was filed in August 2005. The statute of limitations for private tort claims is three years. Mass. Gen. Laws ch. 260 § 2A . The same is true with respect to any possible civil rights claims she could assert (but has not asserted) under 42 U.S.C. § 1983 against the DTA employees, as state actors. The applicable statute of limitations for such civil rights claims is also three years. Nieves v. McSweeny, 241 F.3d 46, 52-53 (1st Cir. 2001); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (*per curiam*); Owens v. Okure, 488 U.S. 235 (1989). Because insufficient facts are alleged for the Court to determine whether and to what extent Plaintiff's claims are barred by the statute of limitations, the Court will not dismiss Plaintiff's claims on this basis.

Additionally, insufficient information is provided as to whether or not Plaintiff has exhausted her administrative remedies within the DTA. The DTA provides for a hearing when a DTA employee is accused of improper conduct. On the basis of the July 15, 2005 letter attached to the Complaint, it appears that Plaintiff may have exhausted such administrative remedies, although it is not entirely clear. In any event, in view of the other grounds for dismissal of this action, the Court will not dismiss on failure to exhaust grounds at this time.

IV.     The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

Apart from the pleading deficiencies noted above, there are more fundamental problems with Plaintiff's Complaint, which also warrant dismissal of this action. More specifically, Plaintiff has failed to set forth sufficiently a basis for the subject matter jurisdiction of this Court. It is well settled that this Court has an obligation to inquire *sua sponte* whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking. In re Recticel Foam Corp., 859 F.2d. 1000, 1002 (1st Cir. 1988). If the Court determines that subject matter jurisdiction does not exist, it must dismiss the case. Pallazola v. Rucker, 797 F.2d 1116, 1128 (1st Cir. 1986).

Here, in order for this Court to review Plaintiff's claims, it must have either (1) federal question jurisdiction, see 28 U.S.C. § 1331 or (2) diversity jurisdiction, see 28 U.S.C. § 1332. Although Plaintiff has indicated in her Complaint that subject matter jurisdiction is based on § 1332 (diversity of citizenship), it is clear that this Court lacks either federal question or diversity jurisdiction over Plaintiff's claims, as pled.

A.      Diversity Jurisdiction

District courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1332, but fails to show complete diversity. She states she is a resident of Lynn, Massachusetts, but fails to list the citizenship of any of the individual defendants. While it is not entirely clear, the Court may

reasonably infer that DTA workers are in fact citizens of Massachusetts. Regardless, in any event, Plaintiff has not shown that there is complete diversity between Plaintiff and the named Defendants (even assuming the DTA is not a Defendant in this action).

Moreover, Plaintiff has failed to demonstrate that the amount in controversy exceeds $75,000, as required under § 1332. Here, she seeks $7,943.29 in benefits per year, since September 2000 to date, plus food stamp benefits. She does not indicate the value of such food stamps, however, it is questionable whether such benefits, in total, would exceed $75,000. Accordingly, Plaintiff has failed to demonstrate she meets both the diversity or jurisdictional prerequisites to establish the diversity jurisdiction of this Court under § 1332 over any non-federal claims.

### B. Federal Question Jurisdiction

Federal district courts have original jurisdiction over "federal question" cases. A federal question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). A claim arises under federal law within the meaning of § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. Viqueira, 140 F.3d at 17.

#### 1. The Individual Defendants

Here, Plaintiff has not pled any federal question with respect to her claims of theft against any of the individual Defendants. While Plaintiff might be able to invoke the federal question

jurisdiction of this Court against the individual Defendants asserting a civil rights violation under 42 U.S.C. § 1983, assuming that the individual DTA employees were state actors, she has not done so at this juncture. In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or law of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). Plaintiff has not alleged either element in her Complaint, and therefore she has failed to state a cognizable federal claim to invoke the federal question jurisdiction of this Court under § 1331.

2. The DTA

Additionally, with respect to any possible § 1983 claim against the DTA, such claim is also subject to dismissal both for failure to state a claim and concomitantly, for lack of subject matter jurisdiction, because: (1) there is no *respondeat superior* liability by the DTA; (2) the DTA is entitled to Eleventh Amendment Immunity from suit; and (3) to the extent Plaintiff is seeking to appeal any decision of the DTA, such appeal must be brought in the Courts of the Commonwealth of Massachusetts.

a. No *Respondeat Superior* Liability

Even if Plaintiff had set forth a § 1983 claim against the individual DTA employees for theft of her benefits, Plaintiff could not sustain a § 1983 claim against the DTA itself, based on the actions of its employees, since liability under § 1983 is direct and not vicarious. See, e.g., Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of

constitutional rights); accord Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987) (same); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001).

Here, Plaintiff has not alleged any facts whatsoever which would support a claim for direct liability of the DTA. Accordingly, such a federal claim would fail, and Plaintiff could not rely on such a claim to invoke the jurisdiction of this Court.

### b. Eleventh Amendment Immunity

Additionally, the Eleventh Amendment[4] provides a separate basis for dismissal of any claims against the DTA. The DTA, as an agency of the Commonwealth of Massachusetts, is entitled to Eleventh Amendment sovereign immunity from suit in this Court. Alabama v. Pugh, 438 U.S. 781, 781 (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, … a State cannot be sued directly on its own name regardless of the relief sought."). Here, there is no indication that the DTA has waived its immunity.

---

[4]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

### c. DTA appeals must be brought in State Court

As noted above, it appears that Plaintiff is attempting to seek judicial review of the DTA's decision dismissing her Complaint alleging theft of benefits by DTA employees.  Even if Plaintiff's Complaint were construed to be an appeal of the DTA's July 15, 2005 decision denying benefits, this Court is not the proper forum for such appeal.  Pursuant to Mass. Gen. Laws. ch. 30A § 14(1),  Plaintiff may seek judicial review of the final decision of the DTA, however, such request for review must be filed in the Superior Court in the county where Plaintiff resides, or in Suffolk County, within 30 days after receipt of the fair hearing decision.[5]

Thus, to the extent Plaintiff seeks an Order of this Court to compel the DTA to reinstate her TAFDC benefits, or to otherwise review the DTA's final decision, this Court lacks jurisdiction to do so, and her claims must be dismissed.

### V.      Sealing/Redaction of Attachments to the Complaint

Attached to Plaintiff's Complaint are various exhibits as outlined above.  Such documentation has not been attached as electronically viewable under this Court's CM/ECF electronic filing system, because they contain personal identifying data throughout (i.e., social security number, date of birth, etc.).  Local Rule 5.3 provides for redaction of this type of information.  Pursuant to Local Rule 5.3(C), "the responsibility for redacting these personal identifiers rests solely with counsel and the parties.   The Clerk will not review each pleading for compliance with this rule." Id.

---

[5] It is noted that this action was not filed in the proper court, nor does it appear that this action was filed within thirty-day time limit.  Since Plaintiff has a history of filing actions in both the state courts and federal court seeking the same relief, it may be that Plaintiff has also filed an action in the state court as well, although whether this is the case is not known at this time.

Accordingly, pursuant to Local Rule 5.3, it is hereby ORDERED that the Plaintiff shall submit redacted versions of the exhibits attached to her Complaint, or in the alternative, she shall manually redact the filed exhibits in order to conceal such confidential and identifying information. Plaintiff is directed to complete the redaction procedure within thirty-five (35) days of the date of this Order. Pending compliance with this directive, the attached exhibits shall remain under seal for this thirty-five (35) day period.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees (#2) is Allowed;

2. This action shall be dismissed after thirty-five (35) days of the date of this Memorandum and Order unless Plaintiff, prior to that time, demonstrates good cause in writing why this action should not be dismissed; and

3. Plaintiff shall redact the attachments to the Complaint in accordance with Local Rule 5.3.

SO ORDERED.

Dated: October 12, 2005

/s/ Mark L. Wolf
MARK L. WOLF
UNITED STATES DISTRICT JUDGE